IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| PRESSMAN, INC. d/b/a PILL BOX PHARMACY, a Florida Limited Liability Company, individually and as the representative of a class of similarly-situated persons,<br><br>                Plaintiff,<br><br>    v.<br><br>BAYER CORPORATION, BAYER HEALTHCARE LLC, BAYER A.G., and JOHN DOES 1-12,<br><br>                Defendants. | No.<br><br>CLASS ACTION |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, Pressman Inc. d/b/a Pill Box Pharmacy ("Plaintiff"), individually and on behalf of a class of similarly-situated persons, through its attorneys, and pursuant to Fed. R. Civ. P. 23, moves for entry of an order certifying the following class:

> All persons who were sent one or more telephone facsimile messages on or after four years prior to the filing of this action, that advertised the commercial availability of property, goods, or services offered by "Bayer", that did not contain an opt-out notice that complied with federal law.

1.  Plaintiff files this motion contemporaneously with its Class Action Complaint in order to avoid having its claims mooted. However, in this case, additional discovery is necessary for the court to determine whether to certify the class Plaintiff seeks to represent. As a result, Plaintiff will seek leave to pursue class discovery as soon as practicable.

2. The prerequisites to class certification set out under Fed. R. Civ. P. 23(a) are met. Upon information and belief, the class is so numerous that joinder is not practicable. The claim of the Class Representative raises questions of law and fact common to and typical of the claims of each class member, and the Class Representative will fairly and adequately protect the interests of the members of the class. Since the expense and burden of individual litigation effectively makes it impossible for individual class members to seek redress for the wrongs alleged in the Class Action Complaint, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

3. The case involves common fact questions about Defendants' fax campaign and common legal questions under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and common law, such as:

 a. Whether Defendants sent fax advertisements;

 b. Whether the fax contained in Exhibit A advertised the commercial availability of property, goods or services;

 c. The manner and method Defendants used to compile or obtain the lists of fax numbers to which they sent the faxes contained in Exhibit A and other unsolicited fax advertisements;

 d. Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

 e. Whether Defendants' failure to provide an opt-out notice violated the TCPA;

      f.      Whether each Defendant is, respectively, directly or vicariously liable for violating the TCPA;

      g.      Whether Plaintiff and the other Class members are entitled to statutory damages;

      h.      Whether Defendants should be enjoined from faxing advertisements in the future;

      i.      Whether the Court should award trebled damages;

      j.      Whether Defendants' conduct as alleged herein constituted conversion;

4.     Additionally, class certification is proper under Rule 23(b)(3), because questions of law or fact to Plaintiff's claim and the claims of each class member predominate over any question of law or fact affecting only individual class members, and class representation is superior to other methods for the fair and efficient adjudication of this controversy. In the alternative, class certification is proper under Rule 23(b)(1), because the prosecution of separate claims or defenses by or against individual members of the class would create a risk of adjudications concerning individual members of the class that would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the adjudication.

5.     Plaintiff requests leave to submit a brief and other evidence in support of this motion after obtaining discovery regarding the class elements. This procedure comports with Fed. R. Civ. P. 23(c)(1)(A), which permits district courts to

wait until "an early practicable time" before ruling on a motion to certify a class. See also *Damasco v. Clearwire Corp.*, 662 F.3d 891, 897 (7th Cir. 2011)("[A] court may abuse its discretion by not allowing for appropriate discovery before deciding whether to certify a class.")(overruled on other grounds by *Chapman v. First Index, Inc.*, __ F.3d __ 2015 WL 4652878 (7th Cir. Aug. 6, 2015))(internal citations omitted); *Whiteamire Clinic v. Quill Corp.*, 2013 WL 5348377 at * 3 (N.D. Ill. Sept. 24, 2013)(Schenkier, J.)("Moreover, the information plaintiff seeks in the contested first and second requests for production is clearly relevant to class discovery; specifically, to the issues of numerosity, commonality, and typicality.").

6. Plaintiff reserves the right to modify the class definition, and propose subclasses (based on fax advertisements sent by different groupings of Defendants) if appropriate, after obtaining information through discovery.

**WHEREFORE**, based upon the foregoing, Plaintiff respectfully requests that the Court certify this action as a class action pursuant to Fed. R. Civ. P. 23.

January 14, 2016                                        Respectfully submitted,

                                                        PRESSMAN, INC. d/b/a PILL BOX
                                                        PHARMACY, a Florida Limited
                                                        Liability Company, individually and
                                                        as the representative of a class of
                                                        similarly-situated persons,


                                        By:     /s/ Phillip A. Bock

                                                Phillip A. Bock
                                                BOCK & HATCH, LLC
                                                134 N. La Salle St,, Ste. 1000

                Chicago, IL  60602
                Telephone:  312-658-5500